IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANGELA L. H.,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | Case No. 4:19-cv-04113-JEH |

**Order and Opinion**

Now before the Court is the Plaintiff Angela L.H.'s Motion for Summary Judgment (D. 12) and the Commissioner's Motion for Summary Affirmance (D. 16).[1] For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for Summary Judgment, DENIES the Defendant's Motion for Summary Affirmance, and REMANDS this matter for proceedings consistent with this opinion.[2]

**I**

Plaintiff, Angela L. H. ("Angela"), filed an application for DIB and SSI on September 14, 2015, alleging disability beginning of November 19, 2014. The Disability Determination Bureau (DDB) denied her claims on March 11, 2016. Angela requested reconsideration but was again denied on July 25, 2016. She filed a request for an administrative hearing on August 29, 2016. On November 28, 2017, via teleconference, Angela appeared for a hearing before Hon. Administrative Law Judge Robert H. Schwartz of the Peoria, Illinois Office of Disability Adjudication and Review ("ODAR"). On July 2, 2018, Judge Robert Schwartz

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (D. 9 & 10)
[2] References to the pages within the Administrative Record will be identified by AR [page number].

1

issued an unfavorable decision, concluding Angela's impairments permitted the performance of other work. Angela filed a request for review by the Appeals Council of the Office of Disability Adjudication and Review, but the Appeals Council denied her request for review on April 8, 2019. Angela then timely filed a complaint with this Court.

The ALJ found that Angela had the severe impairments of cervical and lumbar degenerative disc disease, status-post surgeries (20 C.F.R. §§ 404.1520(c) and 416.920(c)). (AR 25) The ALJ also found that Angela "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (AR 27) The ALJ's stated reason for this finding is as follows:

> The claimant's degenerative disk disease fails to meet or medically equal Listing 1.04 of the Appendix l impairments. The record fails to demonstrate a nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight leg raising (l.04A). Furthermore, the record evidence fails to establish spinal arachnoiditis (l.04B) or lumbar spinal stenosis with pseudoclaudication (l.04C). Accordingly, the undersigned finds that the claimant's degenerative disk disease fails to meet or medically equal listing level severity.

(AR 27)

Before this Court, Angela challenges this finding, arguing that this "perfunctory and inaccurate analysis" is erroneous, as substantial evidence in the record demonstrates that she in fact meets the requirements for Listing 1.04(A). In support, she cites to numerous items in her medical records which she argues support her claim that she in fact meets, or at least equals, the Listing. The Commissioner, on the other hand, argues that

substantial evidence in the record supports the ALJ's conclusion and, like Angela, cites to various items in the record to support is position.

## II

### A

The Court's function on review is not to try the case de novo or to supplant the ALJ's findings with the Court's own assessment of the evidence. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Pugh v. Bowen*, 870 F.2d 1271 (7th Cir. 1989). Indeed, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Although great deference is afforded to the determination made by the ALJ, the Court does not "merely rubber stamp the ALJ's decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). The Court's function is to determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971), *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

In order to qualify for disability insurance benefits, an individual must show that his inability to work is medical in nature and that he is totally disabled. Economic conditions, personal factors, financial considerations, and attitudes of the employer are irrelevant in determining whether a plaintiff is eligible for disability. *See* 20 C.F.R. § 404.1566. The establishment of disability under the Act is a two-step process.

First, the plaintiff must be suffering from a medically determinable physical or mental impairment, or combination of impairments, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). Second, there must be

a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. *McNeil v. Califano*, 614 F.2d 142, 143 (7th Cir. 1980). The factual determination is made by using a five-step test. *See* 20 § 404.1520. In the following order, the ALJ must evaluate whether the claimant:

1) currently performs or, during the relevant time period, did perform any substantial gainful activity;
2) suffers from an impairment that is severe or whether a combination of her impairments is severe;
3) suffers from an impairment which meets or equals any impairment listed in the appendix and which meets the duration requirement;
4) is unable to perform her past relevant work which includes an assessment of the claimant's residual functional capacity; and
5) is unable to perform any other work existing in significant numbers in the national economy.

*Id*. An affirmative answer at any step leads either to the next step of the test, or at steps 3 and 5, to a finding that the plaintiff is disabled. A negative answer at any point, other than at step 3, stops the inquiry and leads to a determination that the plaintiff is not disabled. *Garfield v. Schweiker*, 732 F.2d 605 (7th Cir. 1984).

The plaintiff has the burdens of production and persuasion on steps 1 through 4. However, once the plaintiff shows an inability to perform past work, the burden shifts to the Commissioner to show ability to engage in some other type of substantial gainful employment. *Tom v. Heckler*, 779 F.2d 1250 (7th Cir. 1985); *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).

In the instant case, Angela claims error on the ALJ's part at Step 3.

**B**

At Step 3, an ALJ is required to determine whether the claimant meets or equals any of the listed impairments found in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(iii). For each listed impairment, there are objective medical findings and other specific requirements which must be met to satisfy the criteria of that Listing. 20 C.F.R. §§ 404.1525(c)(2)-(3), 416.925(c)(2)-(3). When a claimant satisfies all such criteria, that person is deemed presumptively disabled and entitled to benefits. *Barnett*, 381 F.3d at 668; 20 C.F.R. §§ 404.1525(a), 416.925(a), 404.1525(c)(3) and 416.925(c)(3)*.* Even if a claimant's listed impairment does not satisfy each requirement of the specified elements of the listing, it can result in a finding of disability if the record contains "other findings related to [the] impairment that are at least of equal medical significance to the required criteria" or if "the findings related to [a combination of] impairments are at least of equal medical significance to those of a listed impairment." 20 C.F.R. §§ 404.1526, 416.926. "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett,* 381 F.3d at 668. The Seventh Circuit has held that "the ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in the record." *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006).

Listing 1.04(A), the Listing at issue here, requires a disorder of the spine (such as degenerative disc disease) resulting in compromise of a nerve root or the spinal cord with:

> [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor

loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § 404, subpt. P, app. 1, § 1.04(A).

### III

The ALJ's finding regarding the Listing exactly mirrors the language of the Listing itself. (AR 27) However, the ALJ does not explicitly cite any evidence or opinion to support that finding. Although the ALJ's decision is read as a whole in evaluating the Step 3 finding, *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015), thereby allowing this Court to look to all areas of the decision where the ALJ may support this conclusion, an ALJ must build a "logical bridge" between his finding and the evidence in the case. *Spiva v. Astrue*, 628 F.3d 346 (7th Cir. 2010). This is the ALJ's duty. *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). The Seventh Circuit has "repeatedly admonished ALJs to "sufficiently articulate [their] assessment of the evidence to assure us that [they] considered the important evidence and ... to enable us to trace the path of [their] reasoning." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002), *quoting Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999).

Both parties spend a great deal of time tracing a path from the evidence in the record in support of their positions. Indeed, the bulk of their motions are a discussion of varying pieces of conflicting evidence in support of their respective views of how all this evidence should be sorted out. Either one of the paths they trace is plausible, *but neither path is a path traced by the ALJ*. In other words, although this Court can trace the path that each party lays before the Court in support of their conclusions, this Court cannot trace *the ALJ's path* to his conclusion regarding the Listing.

6

This case is not like, *Stephen S. v. Commissioner*, Docket Number 1:19-cv-01166-JEH; Document Number 16 (Decided August 28, 2020), decided by this Court just last week, where the Court found that the path of the ALJ's reasoning was apparent from the decision as a whole. In that case, the ALJ found that the claimant did not meet Listing 11.02 (concerning seizures) because the frequency of the seizures was not enough to meet the Listing's requirements, and the claimant was non-compliant with treatment. *Id.* at p. 2. Like here, the ALJ in that case supported his conclusion with only one sentence when making this finding, but, unlike this case, his decision as a whole contained numerous specific citations to the record to support those findings which could be traced directly to his findings concerning the Listing. *Id.* Moreover, the frequency of seizures and treatment compliance are relatively easily ascertainable facts.

Not so in this case. Determining things like "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss . . ." involves a much more qualitative assessment of evidence than figuring out how many seizures a person has in a given period of time. 20 C.F.R. § 404, subpt. P, app. 1, § 1.04(A). And figuring out if someone "equals" the Listing is an even more qualitative process.

Although the ALJ here discusses the medical evidence and opinions in his decision in support of his formulation of Angela's RFC, it is simply impossible to trace that analysis to his conclusion concerning the Listing. Judges often fault ALJs for "playing doctor" (*Rohan v. Chater*, 98 F. 3d 966, 970 (7th Cir. 1996), *citing Herron v. Shalala*, 19 F.3d 329, 334 n. 10 (7th Cir.1994); *Scivally v. Sullivan*, 966 F.2d 1070 1076 (7th Cir. 1992); *Schmidt v. Sullivan,* 914 F.2d 117, 118 (7th Cir.1990), *certiorari denied,* 502 U.S. 901, 112 S. Ct. 278, 116 L.Ed.2d 230), but judges should also not play ALJ. As already noted, *supra*, it is the duty of the ALJ to sift through the

7

evidence and build a logical bridge from that evidence to his or her findings such that a reviewing Court can trace the path of that reasoning. It is not for this Court, or the parties for that matter, to do it in the first instance. As such, this matter must be remanded so that the ALJ can adequately explain why Angela does or does not meet or equal Listing 1.04(A).

## V

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment (Doc. #) is GRANTED, the Defendant's Motion for Summary Affirmance (Doc. #) is DENIED, and this matter is REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for the ALJ to adequately explain why Angela does or does not meet or equal Listing 1.04(A).

The Clerk of Court is directed to enter judgment as follows: "IT IS ORDERED AND ADJUDGED that this case is remanded to the Commissioner of Social Security for further proceedings consistent with this Opinion pursuant to 42 U.S.C. § 405(g), Sentence Four."

*It is so ordered.*

Entered on September 3, 2020.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE